ULRICH *v.* FRACTIONAL SCHOOL DISTRICT NO. 5, CLYDE TOWNSHIP.

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHER'S RESIDENCE—PLANS FOR ADDITION TO SCHOOL MUST BE APPROVED BY SUPERINTENDENT OF PUBLIC INSTRUCTION.

> Before building an addition to the schoolhouse, at a cost of $900, to be used as a teacher's residence, as authorized by Act No. 76, Pub. Acts 1921, the officers of the district must comply with the provisions of 2 Comp. Laws

1915, §§ 5874, 5876, requiring that the plans and specifications for same be submitted to the superintendent of public instruction and receive his approval.[1]

2. SAME—INJUNCTION—MODIFICATION OF DECREE.

Where, on appeal from a decree perpetually enjoining a school district and its officers from paying out any money for or on account of or in connection with the building of an addition to the schoolhouse to be used as a teacher's residence, as authorized by Act No. 76, Pub. Acts 1921, it appears that defendant officers failed to comply with the statute (2 Comp. Laws 1915, §§ 5874, 5876) in reference thereto, the decree as to them is affirmed, but where it also appears that about $600 has been spent on said addition and that it is now unfinished, the decree is modified to permit the district, if it desires to do so, to complete the building if it proceeds to do so legally.[2]

Appeal from Allegan; Cross (Orien S.), J. Submitted June 3, 1924. (Docket No. 14.) Decided October 6, 1924.

Bill by John A. Ulrich and another against fractional school district No. 5 of Clyde township and others to enjoin the expenditure of certain money for the building of a teacher's residence. From a decree for plaintiffs, defendants appeal. Modified.

*Charles Thew,* for plaintiffs.

*Robinson & Parsons,* for defendants.

MOORE, J. The bill of complaint was filed by taxpayers of the defendant school district, asking for relief upon the ground of fraud. Some of the averments of the bill of complaint are as follows:

"That on, to-wit: July 9, 1923, at 6:30 p. m. the district board which consisted of the same members and officers that these defendants above now are, met and it was there decided to raise by district voted tax the following: Officers' salary, $25; janitor's salary,

[1] Schools and School Districts, 35 Cyc. p. 951; [2] Id., 35 Cyc. p. 1050 (1926 Anno).

nine months, $90; fuel, $70; insurance, $50; teacher's wages, $400; shingling schoolhouse, $100.   Also, the board voted to raise $800 to build a teacher's residence, total to be raised by tax.   Decided to give Marie Parrish (school teacher) the school to teach at $100 per month.   The meeting adjourned and the annual school meeting was called at 9 o'clock on July 9, 1923. There were present at this meeting the three defendants and one Fred Crowner, the latter not being a qualified voter and taking no part in the meeting. No others were present.   At this meeting a motion was made by defendant Hollis Sias, that the district provide a teacher's residence on the north side of the schoolhouse and shingle the schoolhouse with paper shingles.   Seconded by Irvin Youngblood.   All three defendants voted for it.   It was estimated that furnishing materials for sixteen feet by twenty feet addition, put on cement wall with eight foot studding, two doors, six windows, sheeted and sided and painted, this addition to the schoolhouse to be shingled with No. 1 asphalt shingles would cost $900.   Motion was made by Clara Sias to give the job to Fred Crowner for that sum; seconded by Hollis Sias and he and Youngblood voted in favor of it and none against it.

"Clara Sias is the wife of Hollis Sias and Fred Crowner is their son-in-law.

"Motion was made by Irvin Youngblood to give Hazel Sias, for janitor work, $10 per month, and seconded by Hollis Sias and carried.   Hazel Sias is a child under 16 years of age and the daughter of Clara Sias and Hollis Sias.

"Motion was made to pay Fred Crowner $500 from the bank when the shingling was done and the frame of the residence was up and that the board hire $400 from the Old State Bank at Fennville till money from taxes in the spring was available.   Defendants Youngblood and Hollis Sias and Clara Sias voted for it."

There are further averments charging illegality and fraud.

Defendants answered the bill of complaint leaving the plaintiffs in the main to their proofs, but denying illegality and fraud.   A hearing was had in open

228—Mich.—31.

court and a decree entered finding the allegations of the bill of complaint to be substantially true.

We quote from the decree:

"It is ordered, adjudged and decreed that the temporary injunction issued in said case be made permanent and that the said defendants, fractional school district number five of the township of Clyde, Allegan county, Michigan, Irvin Youngblood, personally and as moderator of said school district; Hollis Sias, personally and as treasurer of said school district; Clara Sias, personally and as director of said school district, its officers, agents and attorneys and their successors, agents or attorneys, be perpetually enjoined from paying out any moneys of said school district, fractional school district number five of the township of Clyde, for or on account of or in connection with the building of the addition to the schoolhouse in said district, which is now, in part, completed, and from incurring any expense, indebtedness or obligation by reason of completing the same."

The case is brought into this court for review. No testimony is returned and no case was settled, and the plaintiffs insist there is nothing for this court to do but to affirm the decree.

Counsel for the appellants say, we quote from the brief:

"The answer in this case admits practically every allegation of the bill of complaint that has any legal significance. There was, on the face of the pleadings no occasion for the taking of any testimony. The decree finds that the facts set up in the bill are substantially true. No case having been settled, we submit that the facts of this case, for the purposes of this appeal, are those set up in the bill of complaint and no others and that outside the facts set up in the bill of complaint, the decree contains no specific findings of fact."

It is insisted this court can grant the same relief it could if the testimony was here.

It is contended by the defendants that, by the language used in Act No. 76, Pub. Acts 1921 (Comp.

Laws Supp. 1922, § 5780 [1]), the proposed building being a teacher's residence, that defendants have done all they were required to do, and quote as follows:

"The qualified school electors of any school district when lawfully assembled at the first and at each annual meeting or at an adjournment thereof, or at any special meeting lawfully called, shall have power to vote such tax as the meeting shall deem sufficient to purchase or lease a site or sites and to build, hire or purchase a home for the use of the teachers employed in the district and to vote a tax necessary to furnish said home."

We think, however, that the provision quoted should be read in connection with sections 5874, 5876, 2 Comp. Laws 1915.   For a failure to comply with these provisions we think the decree as to the individual defendants should be affirmed.

A different situation however is presented as to the school district.   The bill of complaint is not filed to restrain the collection of an illegal tax.   Its prayer is:

"That an injunction issue in said cause restraining them from paying out any of the moneys of said school district for, on account of, or in connection with the building of said so-called teacher's residence, being an addition to the schoolhouse in said district."

The bill of complaint shows that the building is now inclosed but unfinished.   The answer avers that upwards of $600 has been spent on the building.   We think if it desires to do so that the school district should be permitted to complete the building, if it proceeds legally to accomplish this.

The decree will be modified in that regard.   No costs will be allowed to either party.

CLARK, C. J., and McDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.