GEISTER *v.* SCHOOL DISTRICT NO. 1 OF ROSCOMMON
TOWNSHIP.

1. SCHOOLS AND SCHOOL DISTRICTS—STATUTES—APPROVAL OF PLANS
AND SPECIFICATIONS FOR SCHOOL HOUSES—PENAL OFFENSES.
   Proceeding to actual erection of a school house before
   having the plans and specifications approved by the super-
   intendent of public instruction is a penal offense under
   section 1, Act No. 17, Pub. Acts 1915 (2 Comp. Laws
   1915, § 5874), as amended by Act No. 139, Pub. Acts
   1919, whether the work was done under the original con-
   tract or pursuant to changes made by agreement between
   the school board and the contractors without the approval
   of said officer; and varying from the plans and specifica-
   tions after approval of the officer and without his written
   consent is penal under section 5 of the amending statute.

2. SAME—CONTRACTS IN VIOLATION OF STATUTE VOID ONLY WHERE
LEGISLATURE SO INTENDED.
   Since said statute did not provide that contracts in viola-
   tion thereof are void, if the courts are to hold them void,
   it must appear that the legislature so intended.

3. SAME — STATUTES — PUBLIC HEALTH — STATUTE REQUIRING AP-
PROVAL OF PLANS AND SPECIFICATIONS FOR SCHOOL HOUSES IS
HEALTH MEASURE.
   Act No. 17, Pub. Acts 1915 (2 Comp. Laws 1915, § 5874
   *et seq.*), as amended by Act No. 139, Pub. Acts 1919, re-
   quiring approval of plans and specifications for the erection
   of school houses by the superintendent of public instruc-
   tion, and providing a penalty for violation thereof, is in
   the interest of the public health.

4. STATUTES — CONTRACTS IN VIOLATION OF STATUTE REGARDING
PUBLIC HEALTH VOID WHERE PENALTY IMPOSED.
   Where statutes enacted to protect the public against fraud
   or imposition, or to safeguard the public health or morals,
   contain a prohibition and impose a penalty, all contracts
   in violation thereof are void.

5. SCHOOLS AND SCHOOL DISTRICTS—CONTRACT VIOLATING STATUTE
REQUIRING APPROVAL OF PLANS AND SPECIFICATIONS VOID.

A contract for the erection of a school house without first
securing approval of the plans and specifications of the
superintendent of public instruction, as required by Act
No. 17, Pub. Acts 1915 (2 Comp. Laws 1915, § 5874 *et seq.*),
as amended by Act No. 139, Pub. Acts 1919, was void,
and the belated approval of said officer, when the build-
ing was nearly completed, was without force.

POTTER and SHARPE, JJ., dissenting.

Error to Roscommon; Smith (Guy E.), J.    Sub-
mitted April 12, 1928.    (Docket No. 121, Calendar
No. 33,639.)    Decided July 24, 1928.

Assumpsit by A. S. Geister and Colon E. Geister,
copartners as Geister & Son, against School District
No. 1, Roscommon township, on a contract for the
construction of a school house.    Judgment for plain-
tiffs.    Defendant brings error.    Reversed, and judg-
ment ordered entered for defendant.

*Henry Miltner*, for appellant.

*B. J. Henderson*, for appellees.

CLARK, J.    In May, 1924, defendant school district,
having plans and specifications for a new school house,
contracted with plaintiffs for its erection, the work
to "be substantially completed not later than Sep-
tember 1, 1924."    The building was well toward com-
pletion when, on August 2, 1924, the superintendent
of public instruction approved the plans and specifica-
tions.    The school board and the contractors varied
from the plans and specifications in a number of par-
ticulars without written consent of the superintendent
of public instruction.    The plaintiffs brought this suit
to recover remainder due on original contract, nearly
$600, and for extras done and provided, nearly

$2,000, and had verdict and judgment for $1,750. Defendant brings error.

Section 5874, 2 Comp. Laws 1915, being section 1, Act No. 17, Pub. Acts 1915:

"SECTION 1. No school house shall hereafter be erected in any school district in this State, and no addition to a school building in any such district shall hereafter be erected, the cost of either of which shall exceed three hundred dollars, until the .plans and specifications for the same shall have been submitted to the superintendent of public instruction and his approval indorsed thereon.    Such plans and specifications shall be submitted in duplicate and shall show in detail the ventilation, heating and lighting: *Provided,* That the said superintendent of public instruction shall have authority to inspect such building or buildings during the process of construction in order to determine that the provisions of this act are being complied with."

By Act No. 139, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5876 [1, 2]), the title of Act No. 17 was amended and two sections, 4 and 5, were added.    We quote section 5:

"It shall be unlawful for any officer, board, committee, architect, builder, civil engineer, plumber, carpenter, mason, contractor, subcontractor, foreman, or employee to vary from plans and specifications approved by the superintendent of public instruction without his written consent, or otherwise violate, or assist in violating any of the provisions contained in this act.    Any person, board, firm, or corporation, who violates any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not to exceed one hundred dollars or imprisonment in the county jail for a period of not to exceed thirty days, either or both in the discretion of the court."

Proceeding to actual erection of the school house before having the plans and specifications approved by the superintendent of public instruction was a

penal offense under section 1 of the act as amended and that is true whether the work was done under the original contract or pursuant to changes made by agreement between the board and the contractors without the approval of the superintendent of public instruction. Varying from the plans and specifications after approval of the officer and without his written consent was penal under section 5. The penalty provided by the legislature is fine and imprisonment or both. It did not provide that the contract be void. If the courts are to hold the contract void it must appear that the legislature so intended. The act is in the interest of the public health. It was held in *Cashin* v. *Pliter*, 168 Mich. 386 (Ann. Cas. 1913C, 697):

"The general rule is well settled that, where statutes enacted to protect the public against fraud or imposition, or to safeguard the public health or morals, contain a prohibition and impose a penalty, all contracts in violation thereof are void."

The contract and agreements in modification thereof for the reason stated are void. See *Endres* v. *Mara-Rickenbacker Co., ante,* 5; *Ulrich* v. *School District,* 228 Mich. 479.

The belated approval of the superintendent of public instruction is of no force. It is against the statute. And the public good requires that the officer exercise his judgment in the interest of public health unhampered by such an embarrassing situation as appears in this case. Judgment should have been entered for defendant on the reserved motion to direct a verdict.

Reversed, with costs to defendant, and remanded with direction to enter judgment for defendant.

FEAD, C. J., and NORTH, FELLOWS, WIEST, and McDONALD, JJ., concurred with CLARK, J.

SHARPE, J. (*dissenting*).    I cannot concur in the reversal of the judgment entered in this case.    The purpose of the statute is to secure the approval of the plans and specifications of school houses erected after its passage, by the superintendent of public instruction, with a view to protect the health of the pupils. The statute does not provide that such approval must be had before any contract is let.    It must be obtained before the building is *erected*.    It is a well-known fact that contractors in small towns and the officers of rural school districts are not at all times familiar with the ever-changing provisions of the school laws.    There is no question but that the plans and specifications were approved during the course of construction, and that when completed the building fully complied therewith.    The representative of the superintendent's office wrote the secretary of the board on December 13:

"You have an unusually fine school.    The people of your community as well as the school board may well be proud of the results obtained."

Under the construction placed upon this statute by Mr. Justice CLARK, the contractor and the members of the school board might have been severally prosecuted criminally for a violation of its provisions.

In my opinion the judgment should be affirmed.

POTTER, J., concurred with SHARPE, J.