BRIDGEHAMPTON SCHOOL DISTRICT NO. 2, FRACTIONAL,
OF CARSONVILLE, MICHIGAN *v.* SUPERINTENDENT
OF PUBLIC INSTRUCTION.

1. OFFICERS—APPEALS—STATUTES—SUPERINTENDENT OF PUBLIC IN-
STRUCTION.

The statute providing for an appeal from an "order, decision
or opinion of any State board, commission or agency * * *
from which an appeal or other judicial review has not here-
tofore been provided by law" is not applicable to the super-
intendent of public instruction whose duties are required
by the Constitution to be prescribed by law (Const. 1908,
art. 11, § 2; Act No. 314, chap. 6, § 5, Pub. Acts 1915, as
added by Act No. 21, Pub. Acts 1947).

2. SCHOOLS AND SCHOOL DISTRICTS—RURAL AGRICULTURAL SCHOOL
DISTRICT—SUPERINTENDENT OF PUBLIC INSTRUCTION.

The power to develop and promote the educational system of
this State is vested in the legislative branch of the State
government and the manner or method of such develop-
ment is a matter in which individuals, as such, do not
have any vested rights; hence, the legislature has the power
to vest in the superintendent of public instruction the
authority to finally determine whether the need exists and
the means are available to justify the establishment of one
rural agricultural school district comprising several con-
tiguous rural districts (2 Comp. Laws 1929, § 7180).

3. SAME—SUPERINTENDENT OF PUBLIC INSTRUCTION—RURAL AGRI-
CULTURAL SCHOOL DISTRICT—RIGHT OF APPEAL.

The action of the superintendent of public instruction in mak-
ing a final determination that the establishment of a rural
agricultural school district from 13 rural districts was not
warranted, pursuant to power expressly conferred by the
school code, may not be nullified by provision of the ju-
dicature act conferring right of appeal from various officers
empowered to make rules and regulations since the decision

REFERENCES FOR POINTS IN HEADNOTES

[1]  43 Am. Jur., Public Officers, § 255.
[2]  47 Am. Jur., Schools, §§ 6–8, 25.
[3]  47 Am. Jur., Schools, § 25.
[4]  43 Am. Jur., Public Officers, § 509.
[5]  14 Am. Jur., Costs, § 91.

of the superintendent pursuant to the statutory power was not made under the rules or regulations of an officer from which a right of appeal was conferred (2 Comp. Laws 1929, § 7180; Act No. 314, chap. 6, § 5, Pub. Acts 1915, as added by Act No. 21, Pub. Acts 1947).

4. OFFICERS—MISFEASANCE—PLEADING.

A mere allegation in a bill of complaint that the action of a public officer was arbitrary and oppressive and amounted to an abuse of power without allegation of supporting facts and circumstances beyond the bare statement of the exercise of discretionary power with which the officer was vested by law does not present the question as to whether such officer was guilty of malfeasance or misfeasance.

5. CONSTITUTIONAL LAW—COURTS—STATUTES—RURAL AGRICULTURAL SCHOOL DISTRICTS—SUPERINTENDENT OF PUBLIC INSTRUCTION.

A court cannot delete from or nullify plain provision of statute that action of superintendent of public instruction in the matter of establishing proposed rural agricultural school district should be final (2 Comp. Laws 1929, § 7180).

6. COSTS—PUBLIC QUESTIONS—ESTABLISHMENT OF RURAL AGRICULTURAL SCHOOL DISTRICTS.

No costs are awarded in suit to review action of the superintendent of public instruction in determining that a rural agricultural school district might not be formed from 13 rural districts, questions of public importance being involved.

Appeal from Sanilac; Boomhower (Xenophon A.), J. Submitted January 13, 1949. (Docket No. 47, Calendar No. 44,213.) Decided February 28, 1949.

Bill by the Bridgehampton School District No. 2, Fractional, of Carsonville, Michigan, against the Superintendent of Public Instruction to review his disapproval of proposed reorganization of school district as rural agricultural school district. The Attorney General intervened. Motion to dismiss by intervenor denied. Intervenor appeals. Reversed.

*Paterson & Paterson,* for plaintiff.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Elbern Parsons,* Chief Assistant Attorney General, and *Caroline W. Thrun,* Assistant Attorney General, for intervenor.

North, J. This appeal presents the question of the proper construction of section 9, chapter 5, part 1, of the Michigan school code, Act No. 319, Pub. Acts 1927 * (2 Comp. Laws 1929, § 7180 [Stat. Ann. § 15.100]). This section 9 reads:

"Whenever the county commissioner of schools is presented with a petition or petitions requesting him to submit to the legal school electors the question of establishing a rural agricultural school, he shall refer to the superintendent of public instruction for his opinion as to the advisability of uniting all of said territory into one rural agricultural school district. The superintendent of public instruction shall have authority to confirm the action of the several contiguous rural districts in forming the proposed rural agricultural school, or he may require that one or more of such districts be not included in the group to form a rural agricultural school. His action in the matter shall be final."

The instant controversy is primarily focused on the last sentence above quoted. Appellant takes the position that the action or determination of the superintendent of public instruction in the matter here involved is final. On the contrary plaintiff contends such action or determination is subject to judicial review.

The superintendent of schools in Sanilac county by letter advised the defendant superintendent of public instruction that petitions signed by the statutory percentage of school electors in 13 school districts in Sanilac county seeking an election as to

---

* 2 Comp. Laws 1948, § 345.9.—Reporter.

consolidating such districts into one agricultural school district had been filed with the county superintendent, and he (as provided in the above cited statute) requested the opinion of the superintendent of public instruction "as to the advisability of uniting all of said territory into one rural agricultural school district." In the first instance, reply to the superintendent's letter and request was made by a letter signed by the deputy superintendent of public instruction, but subsequently this reply by the deputy was ratified and adopted by the superintendent of public instruction. Except as indicated, we quote in full this letter addressed to the county superintendent:

"I received your letter of December 1, 1947 informing me that you had been presented with petitions asking for the holding of an election to form a rural agricultural school district from the following districts: (specifically designated). * * *

"The proposal has now been investigated by analysis of figures and facts, and inspection of the Carsonville (probable location of new school) school facilities, and the holding of a hearing at the Sanilac county courthouse at which all interested persons were given an opportunity to present their views on the issue.

"In such matters there devolves on the superintendent of public instruction the necessity of determining two questions. One is whether the proposed reorganization will bring together into the school administrative unit enough boys and girls to enable the district to offer the kind of educational program that Michigan parents have the right to expect of [for?] their children, and in which the community may take justifiable pride. The other is whether the financial and other material elements in the proposed organization will constitute a firm foundation upon which to create and sustain such a program.

"I appreciate the very great interest which so many of the citizens of Sanilac county have manifested in this matter, and the efforts that have been applied to bring the issue to its present stage. And so it is with regret that I find that both questions must be answered in the negative.

"I therefore disapprove the proposed reorganization of the above named school district as a rural agricultural school district.

"Yours sincerely,
EUGENE B. ELLIOTT,
Superintendent
LEE M. THURSTON,
Deputy Superintendent."

Promptly after receipt of the above letter plaintiff, one of the 13 school districts, filed in the circuit court in chancery of Sanilac county the bill of complaint herein. The attorney general appeared in the case and made a motion to dismiss. The circuit judge heard and denied the motion. Leave having been granted, the attorney general has appealed. The bill of complaint is labeled "Appeal from the Superintendent of Public Instruction of the State of Michigan." Prior to the motion to dismiss the superintendent of public instruction made and filed a "Return on Appeal." After stating in its bill of complaint that its "appeal" was brought under Act No. 314, chap. 6, § 5, Pub. Acts 1915, as added by Act No. 21, Pub. Acts 1947 * (Stat. Ann. 1947 Cum. Supp. § 27.545 [1] ), plaintiff alleged:

"7. That the disapproval of the defendant of this petition for the forming of such a school district deprives the electors of the various school districts from voting upon the subject and thereby deprives them of their constitutional right to have a voice in local government. * * *

---

* 4 Comp. Laws 1948, § 606.5.—REPORTER.

"11. The ruling of the State superintendent of public instruction in this matter is not based upon the rights of the interested people, but is arbitrary and oppressive in its nature and will work out a great hardship.   *   *   *

"13. The ruling appealed from herein was not supported by evidence, was made without a proper hearing, and amounts to an abuse of power."

Aside from requiring answer and seeking general relief, the prayer of plaintiff's bill is:

"That the Court review the proceedings had by the superintendent of public instruction, and order that the matter be submitted to an election by the qualified voters of the district."

The first reason assigned in support of the attortorney general's motion to dismiss is:

"The Court lacks jurisdiction to review, upon appeal, a decision of said Eugene B. Elliott, superintendent of public instruction."

Act No. 314, chap. 6, § 5, Pub. Acts 1915, as added by Act No. 21, Pub. Acts 1947 (Stat. Ann. 1947 Cum. Supp. § 27.545 [1]), under which, as above noted, plaintiff asserts the right to "appeal" from the holding of the superintendent of public instruction, is an amendment to the judicature act and reads:

"An appeal shall lie from any order, decision or opinion of any State board, commission or agency, authorized under the laws of this State to promulgate rules and regulations from which an appeal or other judicial review has not heretofore been provided for by law, to the circuit court of the county of which the appellant is a resident or to the circuit court of Ingham county, and such circuit court shall have and exercise jurisdiction with respect thereto as in chancery cases."

But the attorney general asserts, and we think correctly so, that the superintendent of public in-

struction is not a "State board, commission or agency" within the meaning of the statute just above quoted. Instead, the superintendent of public instruction is a constitutional officer whose "duties * * * shall be prescribed by law." Constitution 1908, art. 11, § 2. Under our Constitution the power to develop and promote the educational system of this State is vested in the legislative branch of our government. The manner or method of such development is a matter in which individuals, as such, do not have any vested rights. Hence the legislature has the power to vest in the superintendent of public instruction the authority to determine whether the need exists and the means are available to justify such action as plaintiff herein seeks to have taken, and to provide that: "His action in the matter shall be final." This very definite provision in the school code may not be inferentially nullified by the above quoted Act No. 314, chap. 6, § 5, Pub. Acts 1915, as added by Act No. 21, Pub. Acts 1947, upon which plaintiff relies in asserting jurisdiction in the circuit court. It seems hardly necessary to note further that the instant determination of the superintendent of public instruction, which was clearly the exercise of discretionary power vested in him by law, was not an order or decision made under the rules or regulations of any State board, commission or agency; and for that reason also Act No. 314, chap. 6, § 5, Pub. Acts 1915, as added by Act No. 21, Pub. Acts 1947, under which plaintiff asserts the right of "appeal" is not applicable.

Incident to the foregoing we are mindful plaintiff's bill of complaint charged that the ruling of the superintendent of public instruction was "arbitrary and oppressive" and "amounts to an abuse of power." But no facts or circumstances are alleged in the bill of complaint in support of the above conclusions of plaintiff. Instead the only act of the super-

intendent of public instruction of which plaintiff complains is that he exercised power with which he was lawfully vested. Hence, we need not consider herein what remedy would be open to a plaintiff in whose bill of complaint it was properly alleged that in acting in a matter of the character now before the Court a superintendent of public instruction was guilty of malfeasance or misfeasance.

In its legal aspect the instant case is quite in the same field as *Geister* v. *School District No. 1 of Roscommon Township,* 243 Mich. 357, which cited and, in results, followed *Ulrich* v. *Fractional School District No. 5, Clyde Township,* 228 Mich. 479. Decision in the *Geister Case* turned on Act No. 17, § 1, Pub. Acts 1915,* which we quote in part:

"No school house shall hereafter be erected in any school district in this State, and no addition to a school building in any such district shall hereafter be erected, the cost of either of which shall exceed three hundred dollars, until the plans and specifications for the same shall have been submitted to the superintendent of public instruction and his approval indorsed thereon."

Under this statutory provision we held that because a contract to construct a school building was not timely approved by the superintendent of public instruction: "The contract and agreements in modification thereof * * * are void. * * * The belated approval of the superintendent of public instruction is of no force. It is against the statute."

The Court is without power to delete from the statute herein involved or to nullify its plain provision relative to the determination of the superintendent of public instruction that "His action in the matter shall be final." Because of our conclusion above indicated there is no need to review other matters

---

* Repealed—See 2 Comp. Laws 1929, § 7697.

presented in the briefs. The order denying appellant's motion to dismiss is reversed and an order will be entered in this Court granting the motion. Since a question of public importance is herein presented and contested by public authorities, no costs will be awarded.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.