359 Mich. 478 (1960)
102 N.W.2d 720
IMLAY TOWNSHIP PRIMARY SCHOOL DISTRICT NO. 5
v.
STATE BOARD OF EDUCATION.
Docket No. 22, Calendar No. 48,001.
Supreme Court of Michigan.
Decided April 12, 1960.
*480 Robert L. Taylor, for plaintiff.
Paul L. Adams, Attorney General, Samuel J. Torina, Solicitor General, Eugene Krasicky and Joseph G. O'Reilly, Assistants Attorney General, for defendant.
CARR, J.
Pursuant to pertinent provisions of the school code of 1955 (PA 1955, No 269, § 461 et seq. [CLS 1956, § 340.461 et seq. as amended, Stat Ann 1959 Rev § 15.3461 et seq.]), the board of education of Lapeer county transferred certain portions of plaintiff school district to the Imlay City Community School District. From such action plaintiff appealed to the State board of education, said appeal being based on section 467 of the school code as amended by PA 1957, No 135 (CLS 1956, § 340.467, as amended [Stat Ann 1959 Rev § 15.3467]). The State board upheld the action of the county board, and thereupon plaintiff filed a petition in the circuit court for the county of Lapeer seeking reversal of the order. Said petition was filed in reliance on PA 1952, No 197, § 8 (CLS 1956, § 24.108 [Stat Ann 1952 Rev § 3.560 (21.8)]). Defendant's motion to dismiss the appeal was denied by the circuit judge, and from such order defendant, on leave granted, has appealed to this Court.
The provision of the school code under which the appeal was taken to the State board of education reads as follows:
*481 "Any 1 or more resident owners of land considered for transfer from 1 district to another, or the board of any district whose territory is affected, may appeal the action of the county board of education or joint boards in transferring such land, or the failure to transfer such land, or the action taken relative to the accounting determination, to the State board of education within 10 days after such action or determination by the county board of education or the joint boards. If the county board of education or the joint boards fail to take action within the time limit prescribed in section 461, the appeal may be made to the State board of education within 10 days following the termination of the period. Such appeal shall have the effect of holding the effectiveness of the resolution from which appealed in abeyance until the appeal is acted upon by the State board of education.
"The State board of education is hereby empowered to consider such appeals and to confirm, modify or set aside the order of the county board of education or the joint boards and its action on any such appeal shall be final."
It will be noted that the above quoted section of the school code declares that the action of the State board of education "shall be final." It is the contention of the plaintiff, however, that the cited provision of PA 1952, No 197, providing for an appeal to the circuit court, in certain cases, from a decision of any State board, commission, department, bureau, or officer, authorized to make rules or to adjudicate contested cases, is applicable, and that section 8 of said statute authorized the appeal to the circuit court of Lapeer county in this case. The circuit judge sustained plaintiff's contention, pointing out in his opinion that the repealing provisions of the school code of 1955 make no reference to the administrative procedures act adopted by the legislature 3 years before and that repeals by implication are not *482 favored. The conclusion was also expressed that the matter of detaching territory from one school district and attaching it to another is properly for determination by a court rather than by an administrative agency.
On behalf of appellant it is urged that the circuit court was in error in denying the motion to dismiss. It is argued that the school code being later in enactment must prevail, and any matter covered by the prior statute inconsistent with such code must be regarded as superseded thereby. It is further contended that the control of education and matters pertaining thereto is vested in the State rather than in local authorities, that the school code constitutes the charter of the plaintiff district, that plaintiff may not in consequence challenge the provision with reference to the finality of the action of the State board of education, and that the proceeding before said board was not a "contested case," as declared in the administrative procedures act of 1952 to be subject to judicial review.
It will be noted that plaintiff acted under the provision of the school code granting the right of appeal to the State board of education, and that it is the decision of the latter board that was sought to be reviewed in the circuit court of Lapeer county. On behalf of plaintiff it is argued that the school code does not, because of the provision therein with reference to the action of the State board being final, preclude an appeal as provided in the administrative procedures act of 1952. The practical situation appears to be that we have in the controversy 2 enactments of the State legislature that are not entirely in harmony, and hence the problem is to determine which prevails.
The power of the legislature to invest the State board of education with authority to entertain and decide questions of the nature here involved, relating *483 to the detaching of territory from one school district and attaching it to another, is not open to question. Article 11, § 6, of the State Constitution (1908) creates the State board of education, grants it general supervision of certain educational institutions, and provides that its duties shall be prescribed by law. Statutes have been enacted from time to time by the legislature imposing duties and granting powers with reference to matters affecting the educational system of the State, the validity of which has not been considered as open to question. The function involved in the instant controversy, vested in said board by the school code of 1955, is subject as to the manner of its performance to legislative authority. Board of Education of the City of Detroit v. Superintendent of Public Instruction, 319 Mich 436.
It has been repeatedly recognized by this Court that the control of the public school system is a State matter, vested by the Constitution in the legislature. In MacQueen v. City Commission of City of Port Huron, 194 Mich 328, 336, it was said:
"Fundamentally, provision for and control of our public school system is a State matter, delegated to and lodged in the State legislature by the Constitution in a separate article entirely distinct from that relating to local government. The general policy of the State has been to retain control of its school system, to be administered throughout the State under State laws by local State agencies organized with plenary powers independent of the local government with which, by location and geographical boundaries, they are necessarily closely associated and to a greater or less extent authorized to co-operate. Education belongs to the State."
In Child Welfare Society of Flint v. Kennedy School District, 220 Mich 290, 296, the Court, after referring to certain provisions of the State Constitution, said, in part:
*484 "The legislature has entire control over the schools of the State subject only to the provisions above referred to. The division of the territory of the State into districts, the conduct of the school, the qualifications of teachers, the subjects to be taught therein are all within its control. In Attorney General v. Lowrey, 131 Mich 639, 644, it was said:
"`The school district is a State agency. Moreover, it is of legislature creation. It is true that it was provided for in obedience to a constitutional requirement; and, whatever we may think of the right of the district to administer in a local way the affairs of the district under the Constitution, we cannot doubt that such management must be in conformity to the provisions of such laws of a general character as may from time to time be passed, and that the property of the district is in no sense private property, but is public property, devoted to the purposes of the State, for the general good, just as almshouses and courthouses are, although confided to local management, and applied to uses which are in a sense local, though in another sense general.'"
Of like import are Ira School District v. Chesterfield School District, 340 Mich 678; Sturgis v. County of Allegan, 343 Mich 209; Jones v. Grand Ledge Public Schools, 349 Mich 1.
It was within the power of the legislature to vest authority in the State board of education to review the action of the county board, and to make its decision final. A similar provision of a prior statute with reference to authority granted to the superintendent of public instruction was involved in Bridgehampton School District v. Superintendent of Public Instruction, 323 Mich 615. It was there held that such provision was not nullified by an amendment to the judicature act of 1915 by PA 1947, No 21 (CL 1948, § 606.5 [Stat Ann 1957 Cum Supp § 27.545 (1)]), granting the right to appeal from orders or decisions of State boards, commissions, and agencies.
*485 As noted, the present school code was enacted after the administrative procedures act of 1952. Furthermore, said code relates to the matter of education, the establishment of the means therefor, and the functioning of various boards and officers vested with duties in connection therewith. In such aspect it is special in nature whereas the administrative procedures act of 1952 relating to State agencies, with certain exceptions, is general, and the procedure with reference to appeals from orders thereby is of like nature. In case of conflict between 2 such legislative enactments the special statute or code must prevail. This is the commonly-accepted view in dealing with such conflicts. In Attorney General, ex rel. Owen, v. Joyce, 233 Mich 619, the rule suggested was applied although the special law preceded in its enactment the general statute. The precise question at issue was the filling of a vacancy in the office of member of the county road commission of Kent county. Pursuant to an act adopted by the legislature in 1923 the probate judge, county clerk, and prosecuting attorney undertook to fill the vacancy. The board of supervisors took similar action under the general highway law of the State then in effect enacted prior to said statute of 1923. It was held that the highway law governed, and that the appointive power was in consequence vested in the board of supervisors.
In Board of Education v. Blondell, 251 Mich 528, two enactments of the legislature at the 1927 session were involved. An amendment to the general tax law reenacted a prior provision of said law relating to exemption of certain lands of counties, townships, cities, villages, and school districts, when "used for public purposes." The school code enacted at the same session exempted from taxation the property of all school districts without reference to the use of such property at the time. The latter measure was *486 approved after the amendment to the general tax law. It was held that the provision of the school code governed and that the property of the plaintiff was not subject to taxation. See, also, Mayor of Port Huron v. City Treasurer of Port Huron, 328 Mich 99.
The general principles recognized and applied in the above cited decisions are controlling in the case at bar. The question at issue must be determined in accordance with the provisions of the school code of 1955 by which act the decision of the State board of education was declared to be final. The proceeding before the county board of education and, likewise, on appeal before the State board involved the determination of questions of fact relating to the propriety and expediency of making the alteration sought by property owners who asked to be transferred to another district. In declaring that the conclusion of the appellant board should be final it is obvious that the legislature intended to preclude any review of the factual issues involved. The school code of 1955 was a comprehensive enactment applicable to the general matter of education over which the legislature is vested with control, subject, of course, to the express provisions of the State Constitution. Such right of control has been repeatedly recognized by this Court in prior decisions, including those above cited. See, also, Jones v. Grand Ledge Public Schools, 349 Mich 1, in which this Court in a unanimous decision reaffirmed the previously recognized principle.
It was within the power of the legislature to provide for the formation of school districts, which are agencies of the State, and, likewise, to provide for the alteration of boundaries of such districts and to regulate the procedure relating thereto. The practical aspects of a desired alteration were treated, and properly so, as administrative matters affecting education *487 and State agencies. In its discretion the legislature concluded a review of the determination of such issues by the State board should not be granted. Had it been intended that the provision of the prior administrative procedures act, above cited, with reference to appeals to the circuit court, should apply, undoubtedly provision accordingly would have been made. This was not done, and the declaration as to finality of the decision on appeal to the State board is clearly at variance with the right of appeal to the circuit court. On such an appeal it is obvious from the statute pertaining thereto that the circuit court might review questions of fact as well as questions of law and determine the controversy accordingly. It appears from the opinion of the trial judge in the instant case that he considered that the issues on appeal would include factual issues as to the propriety and reasonableness of the desired alteration. The conflict between the provision of the school code in question and the prior administrative procedures act in a proceeding of this nature is obvious. They cannot be reconciled, and the code, as amended in 1957, controls.
The principle that a determination of factual issues by an administrative board may be made final is not novel. Under the workmen's compensation law of the State the factual findings of the workmen's compensation appeal board, based on testimony, are in the absence of fraud or mistake final and not subject to reconsideration on the statutory appeal. This Court has repeatedly recognized the validity of such provision of the statute. Likewise, under the employment security act the determination of facts by the administrative board vested with jurisdiction in the premises is not subject to modification unless contrary to the great weight of the evidence. These are merely instances in which the principle has been recognized that in certain proceedings the *488 legislature may give finality, in part or wholly, to administrative tribunals charged with the duty of administering a statute in accordance with its provisions.
The alteration of the boundaries of school districts is of such nature that the legislature could properly, as it did, preclude a further determination, through court proceedings, of the factual issues involved. It is interesting to note in this connection that under the former law the action of a board of appeals vested with the statutory right of review of the determination of a township board with reference to the alteration of boundaries of a school district was reviewable only on certiorari. See School District No. 3 of Chester Township v. Green, 190 Mich 371. It is scarcely necessary to observe that the appeal under the administrative procedures act of 1952 is not by way of certiorari.
It must be borne in mind that in the present case the plaintiff school district did not invoke the jurisdiction of this Court, pursuant to the constitutional authority vested therein, to issue writs of certiorari. On the contrary, it chose to invoke the administrative procedures act, and to claim a right of appeal to the circuit court thereunder. On certiorari the review is limited to questions of law only, and it is apparent by the petition of the plaintiff to the circuit court that a much broader review was desired. There is no question here involved as to the right of this Court to issue a writ of certiorari to review the action of a State board or other agency. In consequence, the decision in Board of Education of Grand Rapids v. State Tax Commission, 291 Mich 50, is not in point, and like comment may be made with reference to other decisions of like nature recognizing merely the constitutional authority of this Court to issue specified original writs, including writs of certiorari.
*489 Attention is also directed to Dation v. Ford Motor Co., 314 Mich 152 (19 NCCA NS 158). Involved there was a provision of the workmen's compensation law providing for the appointment, in proceedings by an employee for an award under the statute, of a medical commission to examine an applicant claiming to be suffering from an occupational disease and to report thereon. It was declared in the statute that such report should be final and conclusive with respect to the existence of the ailment claimed. No provision was made for notice to the parties concerned, or for a hearing before such commission. It was held that the provision was invalid because it did not recognize the right of the parties to be heard and to offer proof. The omission to provide for notice, for hearing, and for the keeping of a record thereof, was the basis of the decision that the constitutional guaranty with reference to due process of law had been violated. The facts and issues in the Dation Case are not analogous to those in the case at bar, and the decision is not in point. The sole question here is whether plaintiff was entitled to appeal to the cricuit court of Lapeer county from the determination of the State board of education. For the reasons indicated the school code of 1955 is controlling and, in consequence, plaintiff has no such right.
The case is remanded to the circuit court of Lapeer county with directions to set aside the order from which the appeal has been taken and to dismiss the petition filed by plaintiff. The case involving matters of public concern, no costs are allowed.
DETHMERS, C.J., and KELLY, SMITH, EDWARDS, and KAVANAGH, JJ., concurred with CARR, J.
BLACK, J. (dissenting).
I agree with Judge Quinn and so must disagree with my Brothers.
*490 Members of the legislature presumptively[*] know that decisions of administrative tribunals cannot be immunized  by legislation  from judicial review. For that reason in particular I look upon section 467 of the school code (quoted in Mr. Justice CARR'S opinion) and the appellate provisions of the administrative procedures act of 1952 (No 197) as being in harmony and not at war. No legislature, the powers of which are derived from a Constitution like ours, can make an administrative decision of any tribunal or agency "final" in the sense that such decision becomes exempt outright from judicial scrutiny.
In Board of Education of Grand Rapids v. State Tax Commission, 291 Mich 50, this Court was called upon to consider  in array against article 7 of our Constitution  the concluding sentence of section 17 of PA 1934 (1st Ex Sess), No 30 (CL 1948, § 211.217 [Stat Ann 1950 Rev § 7.77]). Such sentence read as follows:
"The order of the State tax commission, or of the board in case of no appeal, shall be final and shall not be reviewable in any court by mandamus, certiorari, appeal or any other method of direct or collateral attack, nor shall any court of this State issue any injunction to prohibit the carrying out of any order made under this act."
The Court's ruling of unconstitutionality, with assigned reasons for such ruling, appears on pages 53, 54, and 62 of the report. Such ruling was supported later in Dation v. Ford Motor Co., 314 Mich 152, 167 (19 NCCA NS 158) (opinion by CARR, J.). There the reader will find this declaration of legal intelligence, quoted from eminent authority:
*491 "It is true that if a legislature attempts to make the findings of fact of its agencies conclusive, even though the findings are wrong and constitutional rights have been invaded, the legislative action is invalid, for the judicial power of the courts cannot thus be circumscribed."[**]
Reading said section 467 in conjunction with the administrative procedures act and the  rebuttable it is true  presumption that legislators intend to enact constitutional legislation, I find no difficulty in holding that the intent of section 467 was that of making "action on any such appeal" final so far as concerns the administrative process, leaving no infringement of the judicial process.
My Brothers aver that "it is obvious from the statute pertaining thereto [section 8 of the administrative procedures act; CLS 1956, § 24.108 (Stat Ann 1952 Rev § 3.560 [21.8])] that the circuit court might review questions of fact as well as questions of law and determine the controversy accordingly." Then as prescient prejudgers the Brethren alarm themselves  unduly I suggest  by reading into Judge Quinn's opinion the intent of judicial determination of "the propriety and reasonableness of the desired alteration." I disagree on both counts and offer this possibly soothing defense of the statute and the judge.
The appeal provided under section 8 is by petition. The petition, once it is filed and served and due return is made, brings up the administrative record as on certiorari issued by authority of section 2 of Court Rule No 43 (1945) (likewise authority of art 7, § 10, Const 1908) to review the allegedly grievous action of some "corporate body or board of officers *492 thereof." As on certiorari issued under said section 2 the petition and returned administrative record bring to circuit no question of fact and authorize no determination, de novo or otherwise, of "factual issues." Listed in the margin are the specific limitations section 8(6)[***] imposes upon judicial review. Each item of authorized review presents a question of law.
Possibly my Brothers have assumed that subsection (e)  authorizing determination whether the questioned administrative decision is "contrary to the overwhelming weight of the evidence"  authorizes judicial determination of an issue or issues of fact. If that were so I would share the concern voiced in Mr. Justice CARR'S opinion. It is not so, however, and thus the alarm is false. Subsection (e) brings up questions of law only, it having been held  properly and with lengthily considered care  that the question whether there is any evidence of record supporting a finding of fact, or whether such finding is contrary to preponderance or (as here) "overwhelming weight" of the evidence of record, presents a question of law and not of fact (Jones v. Eastern Michigan Motorbuses, 287 Mich 619; followed on this point in Barnes v. Beck, 348 Mich 286, 290). If such was not the law, a new and possibly unconstitutional task might have been cast upon the judiciary in every case where, by similar statute *493 (section 38 of the employment security act is another example[****]) the circuit court is called upon to determine whether an administrative decision satisfies the variously worded legal test of preponderant or overwhelming weight.
So far as Judge Quinn's intentions are concerned I find nothing in his opinion portending anything except review as in section 8 provided. If the judge's intention was or is that of proceeding de novo, on new testimony or otherwise in violation of section 8, such intention is not manifest. But if it were I would abstain  with emphasis  from suggestion that a presented question of statutory construction may or should depend for its solution  in whole or in part  on such wholly irrelevant premises. It will be time enough, when and if the proceeding below goes to circuit court decision under said section 8, with review here under ensuing section 9,[] to consider whether the "question of law" limitations upon judicial review have been overstepped in the 40th circuit.
Of course, if my Brothers are yet queasy or uneasy about judicial intentions below, they could insert a special "Thou shalt not" commandment in their opinion of concern; a general order that no circuit judge engaged in reviewing an administrative record under said section 8 may decide or determine anything aside from a point or points of law presented under said section 8, subd (6).
My Brothers say that a grant of finality to administrative determination of factual issues is no novelty. Of course that is true, and the Brothers are right when they refer for support to administrative decisions made under the workmen's compensation law and the employment security act. The overlooked *494 point is that these acts accord finality to administrative findings of fact  as in each act provided  as both make express provision for judicial review of points of law. Here the school code, as my Brothers view it, stops everything  yes everything  at the judicial doorway!
I vote to affirm the circuit court's order denying appellant's motion to dismiss.
SOURIS, J., concurred with BLACK, J.
NOTES
[*] I say "presumptively" because the law requires that we presume due knowledge, on the part of legislators, of constitutional principles by force of which the powers of tripartite government remain separable and free from encroachment, one against the other.
[**] This quotation was taken from Highland Farms Dairy v. Agnew (ED Va), 16 F Supp 575, 585 (affirmed Highland Farms Dairy v. Agnew, 300 US 608 [57 S Ct 549, 81 L ed 835]). It was adopted earlier, as sound administrative constitutional law, in Milk Marketing Board v. Johnson, 295 Mich 644, 654.
[***] "(6) The [circuit] court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

(a) In violation of constitutional provisions; or
(b) In excess of the statutory authority or jurisdiction of the agency; or
(c) Made upon unlawful procedure; or
(d) Affected by other error of law; or
(e) Unsupported by competent, material, and substantial evidence in view of the entire record as submitted, or contrary to the overwhelming weight of the evidence; or
(f) Arbitrary or capricious."
[****] CLS 1956, § 421.38 (Stat Ann 1959 Cum Supp § 17.540).
[] CLS 1956, § 24.109 (Stat Ann 1952 Rev § 3.560 [21.9]).  REPORTER.