CONGREGATION BEN JACOB *v.* CITY OF DETROIT.

1. TAXATION—REMEDY OF TAXPAYER.
   A taxpayer is not injured by a tax until it has been assessed and has become a debt or lien whereupon he has a remedy at law, and in a proper case, in equity, to conserve his rights.

2. SAME—ILLEGAL TAX—EQUITY—ADEQUATE REMEDY AT LAW.
   If a tax on property is illegal, presumably a taxpayer's remedy at law is adequate as illegality, or excessiveness, alone affords no ground for equitable interference, the proceedings to enforce such taxes constituting only an ordinary trespass.

3. SAME—HOUSE OF PUBLIC WORSHIP—EXEMPTION—REMEDY OF PROPERTY OWNER.
   An eleemosynary corporation maintaining a house of public worship on and after June 7th in the city of Detroit was not

entitled to enjoin collection of property taxes assessed for such year on ground of statutory exemption, where nothing appears in the record that it would suffer any unusual hardship by paying the tax under protest and thereafter proceeding in an action at law to recover amount paid, if the protest made were meritorious (1 Comp. Laws 1929, § 3395; § 3444, as amended by Act No. 54, Pub. Acts 1935; Detroit Charter, title 6, chap. 2, § 7, chap. 4, § 1).

Appeal from Wayne; Murphy (George B.), J. Submitted October 21, 1941. (Docket No. 35, Calendar No. 41,640.) Decided December 2, 1941. Rehearing denied February 11, 1942.

Bill by Congregation Ben Jacob, a corporation, against City of Detroit and others to enjoin collection of taxes on real property. Bill dismissed. Plaintiff appeals. Affirmed.

*Harold Helper,* for plaintiff.

*Paul E. Krause,* Corporation Counsel, *John H. Witherspoon,* Chief Assistant Corporation Counsel, and *Veno E. Sacre,* Assistant Corporation Counsel, for defendants.

Sharpe, C. J. This is a suit to enjoin the collection of taxes on a parcel of real estate located in the city of Detroit.

The facts are not in dispute. Plaintiff is an eleemosynary corporation. On June 7, 1939, it purchased and took possession of certain real estate in the city of Detroit and from and after that date it has used this property as a house of worship. The defendant city of Detroit assessed taxes against this property which were payable July 15, 1939.

Plaintiff filed a bill of complaint praying for a decree declaring the tax null and void. The defendants filed separate motions to dismiss plaintiff's

bill of complaint upon the theory that on April 1st of each year the tax became a debt; that on that day, valuation and jurisdiction to tax was determined; and that plaintiff had an adequate remedy at law. The trial court dismissed plaintiff's bill of complaint and gave as his reasons therefor that at the time of the purchase, the tax in question was a debt which could ultimately be asserted against the land, and that plaintiff has a plain and adequate remedy at law.

Plaintiff appeals and contends that its property became exempt from taxation on June 7, 1939, as provided in 1 Comp. Laws 1929, § 3395 (Stat. Ann. § 7.7); and that it does not have an adequate remedy at law.

In the case at bar, it is conceded that on June 7, 1939, the premises involved were used as a place of public worship.

The exemption statute, 1 Comp. Laws 1929, § 3395, applies to the premises in question and provides:

"Fifth, All houses of public worship, with the land on which they stand, the furniture therein and all rights in the pews, and also any parsonage owned by any religious society of this State and occupied as such."

Title 6, chap. 3, § 7, of the charter of the city of Detroit provides:

"All city taxes shall become a debt against the owner from the time of the listing of property for assessment by the board of assessors."

Title 6, chap. 4, § 1, of the charter of the city of Detroit provides as follows:

"All city taxes shall be due and payable on the fifteenth day of July in each year, and on that date

shall become a lien on the property taxed. The owners or occupants or parties in interest to any real estate assessed hereunder shall be liable to pay such taxes, and all assessments levied in accordance herewith.''

It is strongly urged by defendants that plaintiff has an adequate remedy at law; and that its remedy is to pay the tax under protest and then establish in a court of law that it is exempt from taxation and ask for a refund of its tax.

1 Comp. Laws 1929, § 3444, as amended by Act No. 54, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 3444, Stat. Ann. § 7.97), provides:

''He may pay any tax, whether levied on personal or real property, under protest, to the treasurer, specifying at the time, in writing, signed by him, the grounds of such protest, and such treasurer shall minute the fact of such protest on the tax roll and in the receipt given. The person paying under such protest may, within thirty days and not afterwards, sue the township for the amount paid, and recover, if the tax is shown to be illegal for the reason shown in such protest.''

In *City of Birmingham* v. *Oakland County Supervisors,* 276 Mich. 1, 11, we said:

''A taxpayer is not injured until the tax has been assessed and has become a debt or a lien. When that occurs, he has a remedy at law, and, in a proper case, in equity, to conserve his rights.''

In *Manufacturers National Bank* v. *City of Detroit,* 285 Mich. 273, we said:

'' 'When a tax as assessed is only a personal charge against the party taxed, or against his personal property, it is difficult in most cases to suggest any ground of equitable jurisdiction. Presumptively the remedy at law is adequate. If the tax is

illegal and the party makes payment, he is entitled to recover back the amount. The case does not differ in this regard from any other case in which a party is compelled to pay an illegal demand; the illegality alone affords no ground for equitable interference, and the proceedings to enforce the tax by distress and sale can give none, as these only constitute an ordinary trespass. To this point the decisions are numerous (citing many decisions including those of this court). The exceptions to this rule, if any, must be of cases which are to be classed under the head of irreparable injury; * * * where the recovery of damages would be inadequate redress. A case would be exceptional, also, if under the law no remedy could be had to recover back moneys paid.' 4 Cooley, Taxation (4th Ed.), § 1641."

In *Merrill* v. *Humphrey*, 24 Mich. 170, we announced the principle that in order to restrain the collection of taxes, because of excessiveness, the party so complaining must first pay the correct amount of the tax.

See, also, *Lau* v. *Stack*, 269 Mich. 396.

In the case at bar, nothing appears in the record indicating that plaintiff would have suffered any unusual hardship, if it had paid the tax under protest and thereafter proceeded in an action at law to recover the amount paid, if the protest made were meritorious. There are no unusual circumstances in this case requiring a court of equity to intervene in behalf of a taxpayer. Plaintiff had an adequate remedy at law and should have pursued that course.

Decree affirmed, with costs to defendants.

Bushnell, Boyles, Chandler, North, Starr, Wiest, and Butzel, JJ., concurred.