DOSSIN'S FOOD PRODUCTS, INC., *v.* STATE
TAX COMMISSION.

1. TAXATION—STATE TAX COMMISSION—REVIEW OF DETERMINATION—
ADMINISTRATIVE PROCEDURE ACT.
   Circuit court order dismissing property owner's petition for
   review of State tax commission's determination of tax assess-
   ment on property, sought under administrative procedure act,
   is affirmed by DETHMERS, C.J., and CARR, KELLY, and KAV-
   ANAGH, JJ., on ground that review of State tax commission's
   orders may be had only pursuant to the provisions of the
   general property tax act, and by SMITH and EDWARDS, JJ.,
   on ground that a tax assessment is not a contested case
   within the meaning of the administrative procedure act (CLS
   1956, § 24.101 *et seq.;* CL 1948, §§ 211.150, 211.151; CLS
   1956, § 211.152).

2. COSTS—PUBLIC QUESTION—TAXATION—ADMINISTRATIVE PROCE-
DURE ACT.
   No costs are allowed in action determining whether tax assess-
   ment by State tax commission was reviewable under the ad-
   ministrative procedure act, a public question being involved
   (CLS 1956, § 24.101 *et seq.;* CL 1948, §§ 211.150, 211.151;
   CLS 1956, § 211.152).

BLACK and SOURIS, JJ., dissenting.

Appeal from Wayne; Bowles (George E.), J.
Submitted January 8, 1960. (Docket No. 41, Calen-
dar No. 48,266.) Decided June 7, 1960.

Petition by Dossin's Food Products, Inc., a Michi-
gan corporation, against the Michigan State Tax

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 42 Am Jur, Public Administrative Law § 232; 51 Am Jur,
Taxation § 768.
[2] 14 Am Jur, Costs § 106.

Commission for redetermination of assessed value of personal property. Petition dismissed. Plaintiff appeals. Affirmed.

*Berry, Moorman & King* (*John L. King*, of counsel), for plaintiff.

*Paul L. Adams*, Attorney General, *Samuel J. Torina*, Solicitor General, *T. Carl Holbrook* and *William D. Dexter*, Assistants Attorney General, for defendant.

*Amicus Curiae:*

*Nathaniel H. Goldstick*, Corporation Counsel, *Bert R. Sogge* and *Julius C. Pliskow*, Assistants Corporation Counsel, for City of Detroit.

Kelly, J. Appellant, claiming that the administrative procedure act (PA 1952, No 197*) granted the right to appeal, filed its petition in the Wayne county circuit court seeking review of the Michigan State tax commission's determination of appellant's 1958 personal property tax.

Defendant, Michigan State tax commission, filed its motion to dismiss, alleging that PA 1952, No 197, does not apply to the State tax commission; that instead the general property tax act applies and, therefore, appellant's remedy for any alleged impropriety in the hearing before the commission would be by way of an original proceeding in mandamus in the Supreme Court and not by appeal to the circuit court.

Appellee's motion to dismiss was granted. Plaintiff appeals.

---

* CLS 1956, § 24.101 *et seq.* (Stat Ann 1952 Rev and Stat Ann 1959 Cum Supp § 3.560 [21.1] *et seq.*).

The general property tax act (PA 1893, No 206, as amended) establishes the State tax commission as the final reviewing body and supervisory authority in assessment matters. *Hudson Motor Car Co.* v. *City of Detroit*, 282 Mich 69, 80, 81 (113 ALR 1472); *Moran* v. *Grosse Pointe Township*, 317 Mich 248, 256–259; *Helin* v. *Grosse Pointe Township*, 329 Mich 396, 404. It is subject to review by appeal to the Supreme Court on either a question of jurisdiction, or on the question of whether the action of the commission, or a member thereof, has been performed as provided in the act. *Hudson Motor Car Co.* v. *City of Detroit, supra*, 83. The general property tax act prescribes the procedure to be followed by the commission. CL 1948, §§ 211.150, 211.151, CLS 1956, § 211.152 (Stat Ann 1950 Rev §§ 7.208, 7.209, Stat Ann 1959 Cum Supp § 7.210).

The legislature defined the administrative procedure act (PA 1952, No 197) to be:

"An act to prescribe the rights of the public in the administrative procedure before State administrative agencies; to provide for the promulgation of procedural rules and regulations; to provide for the hearing of contested cases, and rules of evidence with respect thereto; and to provide for decisions and orders of State agencies."

The act defines "agency" as follows:

" 'Agency' means any State board, commission, department, bureau or officer, authorized by law to make rules or to adjudicate contested cases, except the workmen's compensation commission, the employment security commission, the department of revenue, the public service commission and those in the legislative and judicial branches."

Section 8 of said act (CLS 1956, § 24.108 [Stat Ann 1952 Rev § 3.560(21.8)]) provides that "any person aggrieved by a final decision in a contested

case" may file "a petition (for review) in the circuit court in the county wherein appellant resides or has its principal place of business in Michigan or in the circuit court for Ingham county, within 30 days after personal service of the final decision of the agency."

The general property tax act is a "specific statute" dealing with taxation. The administrative procedure act is a "general statute" referring generally to administrative hearings and appeals therefrom. In determining whether PA 1952, No 197, directly or impliedly repeals the definite provisions of the property tax law, we shall apply the well-recognized rule of statutory construction holding that the repeal of a specific statute by a general statute will not be implied or assumed.

In the case of *Mayor of Port Huron* v. *City Treasurer of Port Huron*, 328 Mich 99, we held (pp 111, 112):

"In *Boyer-Campbell Co.* v. *Fry*, 271 Mich 282, 297 (98 ALR 827), we said:

" ' "Statutes will be construed in the most beneficial way which their language will permit to prevent absurdity, hardship, or injustice; to favor public convenience and to oppose all prejudice to public interests." 2 Lewis' Sutherland, Statutory Construction (2d ed), § 490.'

"A special statute shall be given effect as an exception to the general statute in order to carry out the legislative intent. *Board of Education* v. *Blondell*, 251 Mich 528. When a general intention is expressed and also a particular intention which is incompatible with the general one, the particular intention shall be considered as an exception to the general one. *Attorney General, ex rel. Owen,* v. *Joyce,* 233 Mich 619; *Heims* v. *School District No. 6 of Davison Township,* 253 Mich 248, and cases therein cited. Also, see *Reed* v. *Secretary of State,* 327 Mich 108. In *Attorney General, ex rel. Owen,* v.

*Joyce, supra,* we held that the special act providing that the board of supervisors might fill vacancies in the office of road commissioner was not repealed by a later general act which provides for the filling of vacancies and appointments of county offices by the probate court, county clerk and prosecuting attorney, the later act not containing a repealing clause. We quoted the following:

" ' "An act will not be construed to repeal or modify earlier legislation, if, giving such effect to the act, an apparent purpose would appear to disturb an established system of written law, covering a vital field in our system of government." 25 RCL, Statutes, § 169, p 919.

" ' "The principle that the law does not favor repeals by implication is of especial application in the case of an important public statute of long standing, which should be shown to be repealed either expressly, or by a strong and necessary implication." 25 RCL, Statutes, § 169, p 920. * * *

" ' "When a general intention is expressed, and also a particular intention which is incompatible with the general one, the particular intention shall be considered an exception to the general one." 1 Lewis' Sutherland, Statutory Construction (2d ed), p 532, § 275." ' "

The above quotation from *Mayor of Port Huron* v. *City Treasurer of Port Huron, supra,* was reiterated with approval in *State Highway Commissioner* v. *Detroit City Controller,* 331 Mich 337, 363.

The legislature was undoubtedly aware of the fact that this Court has repeatedly refused to permit review of property tax matters by procedures not provided in the general property tax act. See *W. A. Sturgeon & Co.* v. *Board of Assessors of the City of Detroit,* 159 Mich 199, 202; *Sunday Lake Iron Co.* v. *City of Wakefield,* 323 Mich 497, 509; *Haggerty* v. *City of Dearborn,* 332 Mich 304, 319.

· In granting the motion to dismiss, the trial court stated:

"The rights of the taxpayer must be zealously guarded but the practical operations of government may not be unduly frustrated or impeded. Therefore, the legislature necessarily must have·shown by clearly unmistakable language a legislative intention to superimpose the procedural requirements of Act No 197 together with the alternative method of judicial review before this court would be impelled to the petitioners' view, so compelling is the public need for continuity of services which must be paid for by tax revenues."

We agree with the trial court on the whole that the legislature did not intend to repeal the provisions of the general property tax act by enacting the administrative procedure act. The trial court did not err in entering the order of dismissal.

Affirmed. No costs, a public question involved.

Dethmers, C. J., and Carr and Kavanagh, JJ., concurred with Kelly, J.

Souris, J. (*dissenting*). The spectre of administrative tribunal finality confronts us again. Once again we are asked to say that the administrative procedure act, PA 1952, No 197 (CLS 1956, § 24.101 *et seq.* [Stat Ann 1952 Rev and Stat Ann 1959 Cum Supp § 3.560 (21.1) *et seq.*]), does not apply to the "final decisions" of an administrative agency which is not among those expressly excluded from the provisions of the act. Once again we are asked to interpret legislative language in such fashion (strained, in my view) that administrative action is precluded from the judicial review by our circuit courts expressly provided by said act. Judged by what this Court recently said in its majority opinion in *Imlay Township Primary School District No. 5* v.

*State Board of Education,* 359 Mich 478, petitioner here is foredoomed.

That the legislature intended to include the State tax commission as one of the agencies governed by the provisions of the administrative procedure act is scarcely open to question, in view of the following language contained in the first section of said act:

"Sec. 1. For the purposes of this act:

(1) 'Agency' means any State board, commission, department, bureau or officer, authorized by law to make rules or to adjudicate contested cases, except the workmen's compensation commission, the employment security commission, the department of revenue, the public service commission and those in the legislative and judicial branches."

In the administrative procedure act our legislature said that any person aggrieved by a "final decision" of an administrative agency (other than those few expressly excepted) is entitled to a judicial review thereof as provided in the act.* In the general property tax law, our legislature said that the action of the State tax commission shall be final.† There is no conflict between the words "final decision" and the words "action * * * shall be final", as used in the 2 acts, unless this Court itself creates the conflict. If the legislature intended actions of the State tax commission to be final in the sense that they are not subject to judicial review, we would not hesitate to say such attempted legislative proscription of our judicial duties was unconstitutional (see *Board of Education of Grand Rapids* v. *State Tax Commission,* 291 Mich 50), and we would probably say the same with reference to such attempted legislative proscription of the circuit courts' judicial duties (see article 7, § 10, Constitu-

---

* CLS 1956, § 24.108 (Stat Ann 1952 Rev § 3.560 [21.8]).
† CLS 1956, § 211.152 (Stat Ann 1959 Cum Supp § 7.210).

tion 1908).  But, clearly, this was not the meaning intended by the legislature in the general property tax law.

If we would hold, as indicated above, that the word "final" means something less than judicial finality in the face of constitutional powers of the judiciary to review administrative decisions and actions by certiorari, must we not also hold, logically, that the word does not acquire any greater scope or meaning in the face of a legislative command that any person aggrieved by a "final decision" is entitled to judicial review thereof by a procedure which Mr. Justice BLACK correctly identifies as identical to our procedure on certiorari.*  It is obvious from the foregoing, that I would hold that the word "final" as used in the general property tax law and in the administrative procedure act means only "administrative finality".  Thus read, the acts are neither in conflict with one another, nor does one attempt to impliedly repeal the other.

I see no reason in logic or in law for the judiciary of this State to voluntarily relinquish any of its powers of review over the actions of administrative agencies.  Nor do I see any reason for this Court to so read legislative language that conflict is found where none exists, with the consequence that still another administrative agency is freed (by judicial implication) from the salutary provisions of the administrative procedure act, one of the purposes of which the title tells us is:

"To prescribe the rights of the public in the administrative procedure before State administrative agencies."

I would reverse and remand.

BLACK, J., concurred with SOURIS, J.

---

* *Imlay Township Primary School District No. 5* v. *State Board of Education,* 359 Mich 478, 489 (dissent).

EDWARDS, J. (*concurring*). We concur with Mr. Justice KELLY in affirming the circuit court's order of dismissal but principally upon the grounds that tax assessments under the general property tax law (PA 1893, No 206, as amended [CL 1948, §§ 211.150, 211.151, CLS 1956, § 211.152 (Stat Ann 1950 Rev §§ 7.208, 7.209, Stat Ann 1959 Cum Supp § 7.210)]) are not "contested cases" within the meaning of the administrative procedure act (PA 1952, No 197 [CLS 1956, § 24.101 *et seq.* (Stat Ann 1952 Rev and Stat Ann 1959 Cum Supp § 3.560[21.1] *et seq.*)]).

SMITH, J., concurred with EDWARDS, J.