IMPACT PROMOTIONS, INC v DEPARTMENT OF TREASURY

Docket No. 45692. Submitted May 7, 1980, at Detroit.—Decided February 6, 1981.

On February 24, 1975, the Michigan Department of Treasury issued a sales tax assessment against Impact Promotions, Inc. On March 21, 1975, Impact appealed that assessment to the Board of Tax Appeals. The Department of Treasury filed its answer to that appeal on April 9, 1975. The Board of Tax Appeals heard the matter on September 25, 1975, and rendered its decision affirming the assessment on March 29, 1979. Impact thereafter brought an action in Wayne Circuit Court to enjoin the collection of the tax. Impact argued that it had been prejudiced by the failure of the Board of Tax Appeals to hear the appeal within 60 days after the answer was filed and to render its decision with 20 days after the hearing as required by statute and that the resulting prejudice had caused it irreparable injury such that it would be unfair to force it to appeal to the Court of Claims for *de novo* review on the matter. The Department of Treasury moved for summary and/or accelerated judgment on the basis that the circuit court lacked jurisdiction to enjoin collection of the tax. Neal E. Fitzgerald, J., denied the motion for summary and/or accelerated judgment, found that bacause the delay caused irreparable injury to Impact he had jurisdiction to enjoin collection of the tax, and enjoined the collection of the tax. The Department of Treasury appeals. *Held:*

1. Despite the statutory provision providing that no injunction shall issue to stay proceedings for assessment or collection of sales taxes, the circuit court has jurisdiction to issue injunctive relief where the taypayer would, without such relief, suffer irreparable injury or unusual hardship.

2. Injunctive relief was not warranted in the present case. While the Board of Tax Appeals failed to meet its statutory obligation to process Impact's appeal in a timely manner, the board's delay did not so prejudice Impact as to result in

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 72 Am Jur 2d, State and Local Taxation §§ 1133, 1134.
[2] 72 Am Jur 2d, State and Local Taxation §§ 1115, 1132.

irreparable injury to Impact. Since the right to a *de novo* hearing before the Court of Claims, as provided by the now repealed statute, provided an adequate remedy, injunctive relief was not appropriate.

Reversed.

1. INJUNCTIONS — TAXATION — COURTS — JURISDICTION — STATUTES.

A circuit court has jurisdiction to enjoin the Department of Treasury from collecting a state sales tax assessment where the taxpayer would, without injunctive relief, suffer irreparable injury or be under unusual hardship, notwithstanding the statutory provision to the contrary (Const 1963, art 6, § 13, MCL 205.72; MSA 7.543).

2. INJUNCTIONS — TAXATION — COURTS — REMEDIES.

The failure of the Board of Tax Appeals to issue its decision on a taxpayer petition in accordance with the temporal requirements set by statute does not establish the existence of irreparable injury to the taxpayer such as will warrant injunctive relief by the circuit court, nor is such injunctive relief warranted where any prejudice from such delay is merely speculative.

*David M. Brewster,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *E. David Brockman* and *David K. Foust,* Assistants Attorney General, for defendant.

Before: BEASLEY, P.J., and M. F. CAVANAGH and W. A. PORTER,* JJ.

PER CURIAM. On February 24, 1975, the Department of Treasury issued an assessment for sales taxes against Impact Promotions, Inc. (hereinafter Impact). The assessment was for $2,358.48 in taxes, $253.84 in penalties and $737.02 in interest. The entire tax at issue arose from the sale of certain goods to Robert Gwynn by Impact.

Impact appealed to the Board of Tax Appeals on

* Circuit judge, sitting on the Court of Appeals by assignment.

or about March 21, 1975. The board's opinion affirmed the assessment on March 29, 1979. The board found that Gwynn purchased for resale, although no resale occurred. The board further found that neither Impact nor Gwynn had a state sales tax license at the time of the sale in controversy. Impact, however, contests the finding in which the Board of Tax Appeals found that no license existed.

On May 11, 1979, Impact filed a complaint in Wayne County Circuit Court which sought to enjoin the collection of the tax. In its complaint, the taxpayer alleged that it had been prejudiced by the State Board of Tax Appeals three-and-one-half-year delay in rendering its decision and that the state was, therefore, estopped by laches from collecting the tax. At the circuit court hearing, Impact admitted that, by statute, it could appeal to the Court of Claims, which would hear the entire case *de novo*. Impact's contention, however, was that the board's three-and-one-half-year delay in deciding the case caused such prejudice that it would be unfair to force the taxpayer to appeal to the Court of Claims.

The Department of Treasury filed a motion for summary judgment and/or accelerated judgment pursuant to GCR 1963, 117.2(1), and GCR 1963, 116.1(2). The Department of Treasury contended that the circuit court lacked jurisdiction to enjoin collection of the tax.

On May 25, 1979, the circuit court denied the department's motions and found that since the delay caused irreparable injuries it had jurisdiction to enjoin the collection of the tax. The Department of Treasury appeals from that decision.

The Department of Treasury first argues that the circuit court lacked jurisdiction to enjoin the state from collecting the sales tax at issue.

Const 1963, art 6, § 13, provides that:

"The circuit court shall have original jurisdiction in all matters not prohibited by law; appellate jurisdistion from all inferior courts and tribunals except as otherwise provided by law; power to issue, hear and determine prerogative and remedial writs; supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with rules of the supreme court; and jurisdiction of other cases and matters as provided by rules of the supreme court."

Section 22 of the General Sales Tax Act, MCL 205.72; MSA 7.543, provides in part that:

"No injunction shall issue to stay proceedings for assessment or collection of any taxes levied under this act."

The Supreme Court in *Manufacturers National Bank of Detroit v Detroit,* 285 Mich 273, 277-278; 280 NW 760 (1938), in examining the appropriateness of enjoining the collection of taxes, held:

"Since it is a matter of great importance in the administration of public affairs *(City of Birmingham v Oakland County Supervisors,* 276 Mich 1 [268 NW 409 (1935)]), the levy or collection of taxes should not be restrained by injunction, at least other than in exceptional cases where denial of injunctive relief would result in irreparable injury.

" 'When a tax as assessed is only a personal charge against the party taxed, or against his personal property, it is difficult in most cases to suggest any ground of equitable jurisdiction. Presumptively the remedy at law is adequate. If the tax is illegal and the party makes payment, he is entitled to recover back the amount. The case does not differ in this regard from any other case in which a party is compelled to pay an

illegal demand; the illegality alone affords no ground for equitable interference, and the proceedings to enforce the tax by distress and sale can give none, as these only constitute an ordinary trespass. To this point the decisions are numerous (citing many decisions including those of this court). The exceptions to this rule, if any, must be of cases which are to be classed under the head of *irreparable injury; * * * where the recovery of damages would be inadequate redress. A case would be exceptional, also, if under the law no remedy could be had to recover back moneys paid.'* 4 Cooley Taxation (4th ed), § 1641.

"See, also, *City of Detroit v Wayne Circuit Judge,* 127 Mich 604 [86 NW 1032 (1901)]; *Henry v Gregory,* 29 Mich 68 [1874]. Especially should the law as above stated be followed in this jurisdiction wherein by statute it is provided that an injunction shall not issue to stay proceedings for the assessment or collection of taxes. 1 Comp Laws 1929, § 3507 (Stat Ann § 7.168). Nothing appears in this record indicating that plaintiff would have suffered any unusual hardship if, as it had a right to do, it had paid the tax under protest and thereafter proceeded in an action at law to recover the amount paid if the protest made were meritorious." (Emphasis added.)

In *Haggerty v Dearborn,* 332 Mich 304, 316-317; 51 NW2d 290 (1952), the Court also dealt with a request for an injunction by a taxpayer who, as here, had the right to pay his taxes under protest and sue for recovery of the amount paid.

"Under the above act a taxpayer may pay any tax or special assessment under protest and within 30 days and not afterwards sue for the amount paid, and recover, if the tax or special assessment is shown to be illegal for the reasons shown in such protest. In our opinion the act provides that a protest at the time of payment of the special assessment is necessary to recover back the payment. It follows that the payment of the second installment without protest and after the trial was concluded cannot be recovered.

"The principal question involved in this suit is the right of plaintiff to have the assessment cancelled and relieve his property from any liability for such payment. Section 211.114, CL 1948 (Stat Ann 1950 Rev § 7.168) provides: 'No injunction shall issue to stay proceedings for the assessment or collection of taxes under this act.' The above provision is not an absolute prohibition. Injunctions may be granted in case of 'irreparable injury,' see *Manufacturers Bank of Detroit v Detroit,* 285 Mich 273 [280 NW 760 (1938)], or 'unusual hardship,' see *Sunday Lake Iron Co v City of Wakefield,* 323 Mich 497 [35 NW2d 470 (1949)]. In our opinion plaintiff has not shown irreparable injury or unusual hardship. He could have paid the tax under protest and sued the city if he had a meritorious claim."

We find the circuit court had jurisdiction to entertain a request for injunctive relief based upon an allegation of irreparable injury.

The Department of Treasury next argues that the taxpayer had an adequate legal remedy, did not establish an irreparable injury, and, therefore, was not entitled to injunctive relief.

The parties agree that the plaintiff has the right to a trial *de novo* before the Court of Claims, if, within 30 days after the Board of Tax Appeals decision, the tax is paid and, within 30 days of such payment, a claim for recovery is filed with the Court of Claims. MCL 205.9; MSA 7.657(9).[1] The availability of such a remedy would ordinarily obviate the right to injunctive relief. Plaintiff contends, however, that the Board of Tax Appeals delayed its decision more than three-and-one-half years and that such delay resulted in a loss of evidence and, as a practical matter, obviated the

[1] Repealed and replaced by 1976 PA 37; MCL 205.779; MSA 7.650(79). But see OAG, 1975-1976, No 5138, p 704 (December 10, 1976) holding the former statute is still effective.

existence of its right to a *de novo* hearing, an otherwise adequate legal remedy.

MCL 205.7; MSA 7.657(7) describes the time frame for processing an appeal. A taxpayer who wishes to contest a sales tax assessment may file a formal statement appealing the assessment within 30 days of the assessment, and the Department of Treasury has 15 days thereafter to answer. The statute requires that a hearing he held within 60 days of the answer and that the decision of the Board of Tax Appeals be rendered within 20 days after the hearing date.

In the present case, the Department of Treasury did not deny the well-pled averments of the taxpayer which claimed that:

(1) The taxpayer's appeal to the Board of Tax Appeals was filed in a timely manner on or about March 21, 1975 (25 days after the February 24, 1975, assessment notice was received).

(2) The Department of Treasury filed its answer on or about April 9, 1975.

(3) The Board of Tax Appeals, despite the 60-day requirement, heard the case on September 25, 1975, which was over five months after the department's answer was filed.

(4) The Board of Tax Appeals decision was rendered on March 29, 1979, approximately three-and-one-half years after the September 25, 1975, hearing date.

The Board of Tax Appeals had a statutory obligation to process in a timely manner the taxpayer's appeal, an obligation which it violated by its delay. *Sears v Dep't of Treasury,* 57 Mich App 218; 226 NW2d 63 (1974). The taxpayer insists this delay caused it to lose the testimony of two key witnesses. The first was a former employee who, it argues, moved and no longer lived "in this area".

The second was its former accountant, Mr. Loren Monroe, now Treasurer of the State of Michigan. Taxpayer argues that Mr. Monroe's new position somehow makes him unavailable as a witness.

If the former employee is unavailable, under MRE 804(a) his prior recorded testimony may be introduced into evidence. MRE 804(b). Likewise Mr. Loren Monroe remains available as a witness. His change of employment or relationship does not affect his competency or availability as a witness nor does it necessarily prejudice taxpayer's cause.

The possibility that the taxpayer's right to a *de novo* hearing has been prejudiced is at this juncture only speculative. The taxpayer should prosecute its case in the Court of Claims. If its right to a *de novo* hearing proves to be prejudiced in fact by the delay by the Board of Tax Appeals, it may then seek relief by appeal to this Court.

The order granting injunctive relief is reversed.

The instant case involves a public question and arose as a result of the state's statutory violation. No costs are awarded. MCL 600.2445(1); MSA 27A.2445(1).